UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY ALLISON WERNER, JR.,

                    Plaintiff,

          -Against-

NEW YORK COUNTY, NEW YORK CITY;
CATHERINE MAROTTA, ADA; NYODA
R. BADAGLIACCO, DEPUTY DIRECTOR
(DANY); NEW YORK CO. DA'S OFFICE,

                    Defendants.

24-CV-6284 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Groveland Correctional Facility, filed this *pro se* complaint and an application for leave to proceed *in forma pauperis* ("IFP"). (ECF 1, 2.) Invoking 42 U.S.C. § 1983, Plaintiff alleges that he was falsely arrested in New York County on March 27, 2023.

Plaintiff previously submitted to this court a similar but not identical complaint, arising out of the same March 27, 2023 arrest. *See Werner v. New York County NYC*, ECF 1:24-CV-4186, 1 (LTS) (S.D.N.Y) ("*Werner I*"). By order dated August 26, 2024, the Court granted Plaintiff leave to file an amended complaint in *Werner I*. (ECF 8.) Because the claims asserted in this complaint arise out of the same March 27, 2023 arrest, it appears that no useful purpose would be served by the filing and litigation of what appears to be a duplicative action.[1]

_____

[1] If Plaintiff proceeds with this lawsuit, he will be required to pay a second filing fee. Under the Prison Litigation Reform Act ("PLRA"), a prisoner who "brings a civil action or files an appeal [IFP] [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *Bruce v. Samuels*, 577 U.S. 82, 85 (2016) (Congress amended the IFP statute to require "prisoners to pay filing fees for the suits or appeals they launch."). Prisoners granted IFP status are permitted to proceed without prepaying the entire $350.00 filing fee at the time of filing the complaint; instead the fee is deducted from the prisoner's account in increments, as set forth in Section 1915(b)(1). *See Harris v. City of New York*, 607 F.3d 18, 21 (2d Cir. 2010) (describing PLRA's installment payment plan); *see also Cash v. Bernstein*, No. 09-CV-1922, 2010 WL

The Court therefore directs Plaintiff to show cause why this complaint should not be dismissed without prejudice to *Werner I*, the case pending under docket number 24-CV-4186. Plaintiff may, consistent with the order to amend issued in *Werner I*, name all the defendants he seeks to hold liable in connection with the arrest, and assert all of his claims, in one action. If Plaintiff consents to dismissal without prejudice, the Court will issue an order: (1) dismissing the complaint without prejudice to *Werner I*; and (2) directing the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action. Should Plaintiff not agree, the Court will grant Plaintiff leave to proceed IFP and he will be charged a second fee. Thereafter, the Court will screen Plaintiff's complaint as required by the PLRA. *See* 28 U.S.C. § 1915A(a).[2]

## CONCLUSION

The Court directs Plaintiff to show cause why this matter should not be dismissed without prejudice to the matter pending under 24-CV-4186. A declaration form is attached for Plaintiff's convenience. If Plaintiff consents to dismissal without prejudice, the Court will issue an order: (1) dismissing the complaint without prejudice to *Werner I*; and (2) directing the Clerk of Court not to charge Plaintiff the $350.00 filing fee for this action. Should Plaintiff not agree, the Court

---

5185047, at *1 (S.D.N.Y. Oct. 26, 2010) ("Although an indigent, incarcerated individual need not prepay the filing fee at the time of filing, he must subsequently pay the fee, to the extent he is able to do so, through periodic withdrawals from his inmate accounts."), *report and recommendation adopted*, 2010 WL 5222126 (S.D.N.Y. Dec. 21, 2010). Plaintiff is further cautioned that if a prisoner files a federal civil action or appeal that is dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, the dismissal is a "strike" under 28 U.S.C. § 1915(g). A prisoner who receives three "strikes" cannot file federal civil actions IFP as a prisoner, unless he is under imminent danger of serious physical injury, and she must pay the fees at the time of filing any new federal civil action.

[2] The PLRA provides that a court must dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines that the complaint (1) fails to state a claim upon which relief may be granted or (2) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)-(2).

will grant Plaintiff leave to proceed IFP and he will be charged a second fee. Thereafter, the Court will screen Plaintiff's complaint as required by the PLRA. *See* 28 U.S.C. § 1915A(a).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    September 3, 2024
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

               -against-

Case No. _____ CV _____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____

Executed on (date)                          Signature

_____                     _____

Name                                        Prison Identification # (if incarcerated)

_____                     _____

Address                    City              State        Zip Code

_____                     _____

Telephone Number (if available)             E-mail Address (if available)